UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TINA FALIVENE, | : | CIVIL CASE NO. |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
|     Defendant. | : | APRIL 17, 2024 |

**COMPLAINT**

## I.   PRELIMINARY STATEMENT

1. This action is brought against the defendant, Yale University ("Yale"), pursuant to the Age Discrimination in Employment Act, in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney fees for age discrimination suffered by the plaintiff when the defendant, Yale, terminated the plaintiff's employment on account of the plaintiff's age.

2. Additionally, this action is brought against the defendant, Yale, pursuant to the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-58 et seq. in which the plaintiff seeks declaratory, injunctive and equitable relief, and compensatory damages, and costs and attorney fees for the unlawful age discrimination suffered by the plaintiff when the defendant, Yale, terminated the plaintiff's employment on account of the plaintiff's age.

II. **JURISDICTION**

3. This action arises under The Age Discrimination In Employment Act, Title 29 U.S.C. §621 et seq.

4. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), and Title 29 U.S.C. §626(b).

5. Jurisdiction over the plaintiff's state law claim is invoked pursuant to the Court's supplemental jurisdiction.

6. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act, have occurred or have been complied with in the following manner:

   a. A charge of employment discrimination on the basis of age was filed on or about November 20, 2023, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 300 days of the commission of the unlawful employment practices alleged herein;

   b. More than 60 days have passed since plaintiff filed a complaint with the United States Equal Employment Opportunity Commission charging the defendant, Yale, with age discrimination.

   c. On April 16, 2024, the plaintiff was issued a "Release of Jurisdiction" by the State of Connecticut Commission on Human Rights and Opportunities. *Exhibit 1.*

7. Declaratory, injunctive, compensatory damages, liquidated damages and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202, and Title 29 U.S.C. §626.

8. Costs and attorney fees may be awarded pursuant to Title 29 U.S.C. §626.

### III. VENUE

9. This action also properly lies in the United States District Court for the District of Connecticut pursuant to Title 29 U.S.C. §626, because the unlawful employment practice of which the plaintiff complains was committed in this judicial district.

### IV. PARTIES

10. The plaintiff, who was born on March 4, 1965, is a citizen of the United States residing in Westbrook, Connecticut.

11. The defendant, Yale, has a principal location in New Haven, Connecticut.

12. The defendant, Yale, employs more than twenty employees.

13. The defendant, Yale, is a corporation specially chartered "by the Governor and Company of the Colony of Connecticut in General Court, assembled."

14. The defendant, Yale, is a person within the meaning of Title 29 U.S.C. §630 (a).

15. The defendant, Yale, is an employer within the meaning of Title 29 U.S.C. §630 (b).

16. The defendant, Yale, employs in excess of twenty employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year.

17. The defendant, Yale, is an employer as that term is defined by Connecticut General Statutes § 46a-51(10).

V.     **FACTS**

18. The plaintiff who was born on March 4, 1965, is a citizen of the United States residing in the State of Connecticut.

19. Yale University is a specially chartered, non-stock Connecticut Corporation with a principal place of business in New Haven, Connecticut.

20. The defendant, Yale, hired the plaintiff on July 8, 2015, to the position of Medical Coding Analyst, Yale School of Medicine, New Haven, Connecticut.

21. The plaintiff possesses expertise and significant experience in the field of medical coding.

22. From the start of her employment with the defendant, Yale, the plaintiff had always met or exceeded expectations.

23. During the course of the plaintiff's employment with the defendant, Yale, the plaintiff has never been subject to any form of discipline, nor had there ever been any issue raised by the defendant, Yale, with regard to the plaintiff's job performance.

24. On July 19, 2023, the plaintiff was informed that she was being investigated regarding an alleged HIPAA violation.

25. The allegation that the plaintiff had committed a HIPAA violation had no basis in truth.

26. A cursory review, let alone a thorough investigation, would have demonstrated the absurdity of the allegation that the plaintiff had committed a HIPAA violation.

27. The defendant, Yale, claimed that "[o]n 12/7/2020, 12/10/2020, 12/16/2020, and 12/17/2020, you accessed the protected health information (PHI) of a patient without a business justification."

28. The alleged violations supposedly occurred almost three years before the defendant, Yale, allegedly investigated the violations.

29. On July 21, 2023, without conducting a thorough investigation, the defendant, Yale, terminated the plaintiff's employment. *Exhibit 2.*

30. After the plaintiff requested a follow up meeting with Katherine Wilcox, a Human Resources Business Partner in the defendant, Yale's, employ, who advised the plaintiff that she would meet with the plaintiff but emphasized that the decision to terminate the plaintiff's employment was final.

31. The defendant, Yale, deprived the plaintiff of the most basic elements of fair process when Wilcox essentially informed the plaintiff that the meeting would be a waste of time because the defendant, Yale's, decision to terminate the plaintiff's employment was final regardless of any exculpatory evidence submitted by the plaintiff.

32. During this meeting, the plaintiff demonstrated that it took almost three years for the alleged violations to be investigated, that other employees, who had been investigated for HIPAA violations, had been allowed at least one week to prepare a defense to the charges, whereas the plaintiff was provided a mere two days, and the other employees were questioned on a timely basis.

33. Additionally, in those cases where HIPAA violations were uncovered, the employees, who were substantially younger than the plaintiff, were issued warnings, or, in one case, a suspension, even though the employee had intentionally looked up several of her co-worker's medical histories.

34. That employee was ultimately fired when additional breaches were discovered. However, she was issued a warning, then followed by a suspension for the initial violations.

35. The plaintiff also pointed out the absurdity of the charge, which involved the plaintiff improperly viewing the medical records of her former husband's current wife in that she had been divorced since 2008.

36. Demonstrating the falsity of the reason for the defendant, Yale's, termination of the plaintiff's employment, is the fact that the plaintiff allegedly accessed the records in question through a WQ authorization.

37. Pursuant to defendant, Yale's, own policy, if, as Ms. Wilcox had asserted, the subject medical records were accessed by the plaintiff pursuant to a WQ, then the plaintiff must have had proper authorization to view the records in question, since she could not assign herself a WQ independent of her superiors.

38. The plaintiff further emphasized, to no avail, that any activity in the subject files was authorized since she had been working under a WQ authorization.

39. The plaintiff explained to Wilcox that she did not have the ability to access medical records without citing a proper WQ authorization from a supervisor.

40. Instead of addressing the plaintiff's exculpatory WQ contentions, the defendant, Yale, without explanation, simply claimed that the WQ process could be circumvented.

41. Even though the plaintiff provided overwhelming proof that she had not committed any HIPAA violations, the defendant, Yale, would not rescind the plaintiff's discharge.

42. The reasons for the plaintiff's termination are so incredulous and mendacious that the defendant, Yale, could not have legitimately believed that the plaintiff had committed HIPAA violations.

43. The defendant, Yale, terminated the plaintiff without giving her an opportunity to defend herself, at the same time ignoring the exculpatory WQ information.

44. The weaknesses, absurdities, inconsistencies, incoherencies, and contradictions in the defendant, Yale's reason for terminating the plaintiff's employment, as well as its unwillingness to assess the information provided by the plaintiff which refutes the allegation that the plaintiff committed HIPAA violations, establishes that the defendant, Yale, terminated the plaintiff for an illicit reason.

45. The defendant, Yale, failed to provide the plaintiff with the opportunity to contest the charges of wrongdoing.

46. The plaintiff was immediately terminated by the defendant, Yale, without providing her with the opportunity to review her emails, records, or reports dating back almost three (3) years earlier, when the alleged violations occurred.

47. The plaintiff possesses the essential qualifications for employment as a Medical Coding Analyst in the employ of the defendant, Yale.

48. The plaintiff's age was a but for cause behind the defendant, Yale's, decision to terminate the plaintiff's employment as a Medical Coding Analyst.

49. The reason advanced by the defendant for terminating the plaintiff's employment was untrue and was a pretext to justify the termination of the plaintiff's employment on account of her age.

50. The defendant terminated the plaintiff's employment because of the plaintiff's age.

51. The plaintiff has suffered financially as a result of the discriminatory conduct of the defendant.

## VI. FIRST CAUSE OF ACTION (UNLAWFUL AGE DISCRIMINATION UNDER THE ADEA)

52-102. The plaintiff incorporates as if re-alleged paragraphs 1 through 51.

103. The defendant, Yale, discriminated against the plaintiff because of her age when it terminated her employment but failed to take such action against similarly situated, substantially younger employees.

104. The Age Discrimination in Employment Act prohibits discriminatory employment practices based on an employee's age.

105. The defendant, Yale, violated the provisions of the Age Discrimination in Employment Act when it terminated the plaintiff's employment.

106. The plaintiff is fully qualified for employment as a Medical Coding Analyst in the employ of the defendant, Yale.

107. The plaintiff suffered an adverse employment action when the defendant, Yale, terminated her employment.

108. But for the plaintiff's age, she would have remained employed as a Medical Coding Analyst in the employ of the defendant, Yale.

109. The defendant, Yale, did not have a legitimate, non-discriminatory reason to terminate the plaintiff's employment.

110. Because the plaintiff's age was the determinative factor and but for cause leading to the decision by the defendant, Yale, to terminate the plaintiff's employment, the defendant, Yale, violated the provisions of the Age Discrimination and Employment Act, Title 29, U.S.C. 623(a)(1).

111. The defendant, Yale, engaged in age discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under The Age Discrimination and Employment Act, Title 29 U.S.C. §623 et seq.

112. As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered financial losses.

VII. **SECOND CAUSE OF ACTION (AGE DDISCRIMINATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)**

113-163. The plaintiff incorporates as if re-alleged paragraphs 1 through 51.

164. The defendant, Yale, discriminated against the plaintiff because of her age when it terminated her employment but failed to take such action against similarly situated, substantially younger employees.

165. The Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(b)(1) prohibits discriminatory employment practices based on an employee's age.

166. The defendant, Yale, violated the provisions of Connecticut General Statutes 46a-60(b)(1) when it terminated the plaintiff's employment on account of her age.

167. The plaintiff is fully qualified for employment as Medical Coding Analyst in the employ of the defendant, Yale.

168. The plaintiff suffered an adverse employment action when the defendant, Yale, terminated her employment.

169. But for the plaintiff's age, she would have remained employed as Medical Coding Analyst in the employ of the defendant, Yale.

170. The defendant, Yale, did not have a legitimate, non-discriminatory reason to terminate the plaintiff's employment.

171. Because the plaintiff's age was the determinative factor leading to the decision of the defendant, Yale, to terminate the plaintiff's employment, the defendant, Yale, violated the provisions of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(b)(1).

172. The defendant, Yale, engaged in age discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(b)(1).

173. As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered financial losses.

174. As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered emotional distress.

## VIII. PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to the First Cause of Action

    a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    b. Enjoin the defendant from engaging in such conduct;

    c. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

    d. Award plaintiff liquidated damages;

    e. Award plaintiff costs and attorney fees; and

    f. Grant such other and further relief as the Court may deem just and proper.

As to the Second Cause of Action

a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b. Enjoin the defendant from engaging in such conduct;

c. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

d. Award plaintiff compensatory damages for the emotional distress he suffered as a result of the defendant's unlawful age discrimination;

e. Award plaintiff costs and attorney fees; and

f. Grant such other and further relief as the Court may deem just and proper.

IX. **JURY DEMAND**

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – TINA FALAVENE

BY /s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
1000 Bridgeport Avenue, Suite 501
Shelton, CT  06484
Tel: (203) 366-3939
Fax: (475) 269-2907
Email: thomaswbucci@outlook.com




## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Tina Falivene**
COMPLAINANT

CHRO No. 2430277

vs.

EEOC No. 16A-2024-00410

**Yale University School of Medicine**
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE: 4/16/2024**

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

Service:
Complainant:           Tina Falivene, via Email: tinafalivene530@gmail.com
Complainant's Attorney: Thomas Bucci, Esq., via Email: tbucci@wwblaw.com
Respondent's Contact:   Caroline Hendel, Esq., via Email: caroline.hendel@yale.edu

PLAINTIFF'S EXHIBIT 2

# Yale Medicine

July 21, 2023

Tina Falivene
627 Old Clinton Road
Westbrook, CT 06498

Dear Tina:

I am, by this letter, notifying you that you are being terminated from Yale University effective July 21, 2023, as a result of your inappropriate conduct and violation of the University's policies and procedures for compliance with the Health Insurance Portability and Accountability Act (HIPAA).

On 12/7/2020, 12/10/2020, 12/16/2020, and 12/17/2020, you accessed the protected health information (PHI) of a patient without a business justification. Through the patient's billing records, you were able to view procedure descriptions, codes, diagnoses, and providers. The procedure descriptions and diagnoses included sensitive information for this patient. During your investigatory interview on July 19, 2023, you acknowledged that the patient is the wife of your former husband, but you could not recall accessing the patient's billing information. This patient did not have recent or upcoming appointments in the work queues you supported during the relevant time period. You could not provide a business justification for your actions, and the University could not identify a business justification through its investigatory process.

Yale's HIPAA policies are designed to ensure the appropriate privacy and security of all PHI across the University, in compliance with the law. Your unauthorized access to PHI and the nature of the information you accessed constituted a gross invasion of patient privacy and a flagrant violation of the University's HIPAA policies and procedures. Based on these factors, you will be ineligible for rehire at Yale University.

You will be paid through today. Your final paycheck will include the balance of any remaining accrued vacation time. Unemployment compensation information will be mailed to your home address. Your final paycheck will be by direct deposit or mailed to your home, based on your preference.

Your health insurance coverage will continue through July 30, 2023. Please contact the Employee Service Center at (203) 432-5552 for information regarding continuation of benefits.

Your presently have University property in your possession, including but not limited to a Yale-issued laptop, headset and charging cord. Please call 203-737-4728 to schedule a time to drop off your equipment at 2 Science Park. The appointments will be between 9:30 AM - 4:00 PM and must occur no later than July 24, 2023.

You have the right, should you disagree with any of the information contained herein, to submit a written statement explaining your position. This statement will be maintained as part of your personnel file.

Sincerely,

Katherine Wilcox
Human Resources Business Partner
YSM Employee Relations

# Yale Medicine

Cc: YMA Coding & Billing
Human Resources
HIPAA Privacy Office
Personnel File