UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TINA FALIVENE, | : |
| Plaintiff, | : |
| V. | : Case No. 3:24-cv-00720(KAD) |
| YALE UNIVERSITY | : |
| Defendant. | : JULY 12, 2024 |

## HIPAA QUALIFIED PROTECTIVE ORDER

The plaintiff, Tina Falivene, and defendant, Yale University, (collectively "the Parties"), recognize the need to provide for the transfer of Protected Health Information (PHI) and other highly confidential information to each other and to their representatives in connection with this litigation and further recognize the need to provide for the continued confidentiality of PHI.

Therefore, by the stipulation of their respective undersigned counsel, the Parties have agreed to the entry of this protective order and to the terms thereof as follows:

**IT IS THEREFORE ORDERED THAT:**

### A. DEFINITIONS

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

"Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

"Health Care Operations" means those activities defined by 45 C.F.R. § 164.501 (2003).

"Minimum Necessary" means the disclosure of protected health information as limited by 45 C.F.R. § 164.502(b) and 45 C.F.R. § 164.514(d) (2003).

"Signatories" means all parties to this litigation, their attorneys, and all non-parties that a court may subsequently recognize as a signatory of this qualified protective order.

### B.  TERMS AND LIMITATIONS

1. The Signatories are familiar with HIPAA and the Privacy Standards.

2. The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI and other highly sensitive and personal information related to past, current, and future patients, who are not parties to this action ("Third Parties").

3. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted by this Court Order to release PHI of Third Parties in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this litigation or as allowed under the definition of Health Care Operations.

4. The Parties agree that whenever such PHI is disclosed, it shall be marked **"HIGHLY CONFIDENTIAL / NOT TO BE REDISCLOSED OUTSIDE OF LITIGATION"** and shall be treated in accordance with the terms of this Court's Standing Protective Order for the protection of such "Confidential" Designated Materials.

5. The Parties agree that, in the case of highly sensitive information related to Third Parties, including but not limited to, certain PHI and other information that is of a highly personal nature, this shall be marked **"STRICTLY CONFIDENTIAL / ATTORNEYS' EYES ONLY"**, and shall be treated in accordance with the terms of this Court's Standing Protective Order for the protection of such "Attorneys' Eyes Only" Designated Materials.

6. The Parties agree that deposition transcripts or portions thereof in which PHI or other highly sensitive and personal information of Third Parties is reviewed or discussed shall be subject to this Order, and that the terms of Paragraph 13 of this Court's Standing Protective Order are adopted as if set forth fully herein.

7. The Signatories agree not to use or disclose the PHI or other highly sensitive or personal information of Third Parties released for this lawsuit for any other purpose or in any other proceeding.

8. The Signatories are permitted to use the PHI marked **"HIGHLY CONFIDENTIAL / NOT TO BE REDISCLOSED OUTSIDE OF LITIGATION"** in any manner that is reasonably connected with this lawsuit and in compliance with the Minimum Necessary requirements of HIPAA. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process. The Parties agree that the terms of Paragraph 5 of this Court's Standing Protective Order regarding disclosure of Confidential Materials to witnesses and expert witnesses are adopted as if set forth fully herein.

9. The PHI or other highly sensitive or personal information of Third Parties that is marked **"STRICTLY CONFIDENTIAL / ATTORNEYS' EYES ONLY"** may only be reviewed by the attorneys of record and the attorney's necessary staff. PHI marked **"STRICTLY CONFIDENTIAL / ATTORNEYS' EYES ONLY"** may not be shared with the receiving Party (plaintiff or defendant), or prospective witnesses, absent a request for permission that is filed and granted by the Court.

10. The Signatories agree that within 45 days of the issuance of a final order, or the extinguishment of all appeals, all Signatories that obtained PHI or other highly sensitive or personal information of Third Parties during the course of this lawsuit shall destroy said PHI or other records and testimony.

11. This Order shall apply in addition to the Court's Standing Protective Order that is entered in this case regarding information marked "Confidential" and/or "Attorneys' Eyes Only".

Agreed: _____
Thomas Bucci, Esq.
*Attorney for Plaintiff*

_____
Giovanna Tiberii Weller, Esq.
*Attorney for Defendant*

So ordered, this 12th day of July, 2024.

/s/ Kari A. Dooley
Kari A. Dooley
United States District Judge

{W3593184}                                7